**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ENVIRONMENTAL DEFENSE FUND,<br>1875 Connecticut Avenue, NW, Suite 600<br>Washington, DC 20009,<br><br>     Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT<br>OF THE INTERIOR,<br>1849 C Street, NW<br>Washington DC 20240,<br><br>NATIONAL OCEANIC AND<br>ATMOSPHERIC ADMINISTRATION,<br>1401 Constitution Avenue, NW,<br>Room 5128<br>Washington, DC 20230,<br><br>NATIONAL AERONAUTICS AND<br>SPACE ADMINISTRATION,<br>300 E Street, SW, Suite 5R30<br>Washington, DC 20546,<br><br>     Defendants. | |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

1.      Environmental Defense Fund (EDF) files this action to enforce the statutory obligations of the Department of the Interior (DOI), National Oceanic and Atmospheric Administration (NOAA), and National Aeronautics and Space Administration (NASA) (collectively, Defendants) under the Freedom of Information Act (FOIA), 5 U.S.C. § 552.

2.      EDF submitted FOIA requests to Defendants more than seven months ago seeking records relating to a White House effort to discredit established findings that climate change poses

a national security threat to the United States. The White House has evidently met and communicated with representatives from a wide variety of federal agencies—including Defendants or their parent agencies—in an apparent effort to undermine scientific consensus regarding the clear and harmful impacts of climate change.

3.      In February 2019, media reports indicated that the White House planned to convene an *ad hoc* federal working group to cast doubt on conclusions about the effects of climate change on national security. According to those reports, the specific goal of this climate review panel would have been to re-evaluate a congressionally-mandated climate change study released in November 2018 by a multi-agency team of experts and a threat assessment authored by the Director of National Intelligence. The leader of the federal climate review panel was reported to be Dr. William Happer, a prominent denier of mainstream climate science and climate change impacts, who was then a senior director in the National Security Council.

4.      Representatives from DOI, NASA, and NOAA's parent executive department—the U.S. Department of Commerce—were invited to participate in a February 22, 2019, meeting concerning the climate review panel. Accordingly, each of the Defendants likely possesses records related to both that meeting and the climate review panel as a whole.

5.      As of the date of this Complaint, Defendants have failed to comply with FOIA and provide all records responsive to EDF's FOIA request submitted to each of the three agencies. In violation of FOIA's deadlines and other requirements, DOI and NOAA have failed to make a determination on EDF's FOIA requests regarding the climate review panel. NASA has identified and produced some records responsive to EDF's FOIA request, but has unlawfully withheld other records from its production.

6.      The public, including EDF and its members, has a strong interest in understanding the extent to which the current administration and Defendants are seeking, or have sought, to undermine established scientific conclusions about the threat of climate change to the national security interests of the United States.

7.      The requested records would increase public understanding of the federal government's activities pertaining to climate change—a major threat to U.S. national security. EDF requested the records in order to increase transparency around this issue of enormous public interest.  EDF plans to disseminate records it receives to the general public and to leverage its expertise to analyze the records and help the public understand their significance.

8.      EDF seeks declaratory and injunctive relief declaring that Defendants have violated FOIA and an order compelling the agencies to promptly release all requested records.

## JURISDICTION AND VENUE

9.      This Court has jurisdiction over this action pursuant to FOIA, which vests jurisdiction in the U.S. District Court for the District of Columbia.  5 U.S.C. § 552(a)(4)(B).  This Court also has jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under FOIA, a federal statute.

10.      Injunctive relief is appropriate under FOIA.  5 U.S.C. § 552(a)(4)(B).  Declaratory relief is appropriate under the Declaratory Judgment Act, 28 U.S.C. § 2201 (2012) *et seq*.

11.      Venue is proper in this judicial district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(b).

## PARTIES

12.      Plaintiff EDF is a 501(c)(3) non-profit corporation dedicated to finding practical solutions to critical environmental problems through the use of law, policy, science, and

economics.  EDF has offices throughout the United States, including in the District of Columbia, and internationally.

13.   EDF has more than 2.5 million members and supporters and frequently engages with them and with the general public through press releases, action alerts, blog posts, reports, analyses, and other outreach materials.  EDF is frequently called upon to share its expertise on important environmental issues in the popular media and in other public forums.

14.   EDF has long advocated for the use of the best available science in understanding and combatting the effects of climate change.  EDF and its members are strongly committed to promoting science- and market-based strategies to reduce pollution, develop clean energy, and minimize the burning of fossil fuels.

15.   EDF is injured by Defendants' failure to timely produce public records that were properly requested and to which EDF is entitled under FOIA.  *See Zivotofsky v. Sec'y of State,* 444 F.3d 614, 617–18 (D.C. Cir. 2006) ("The requester is injured-in-fact for standing purposes because he did not get what the statute entitled him to receive.").

16.   Defendant DOI is an executive department of the United States and is therefore an "agency" subject to FOIA pursuant to 5 U.S.C. § 552(f)(1) (2018).  DOI has possession and control of the requested records and is responsible for fulfilling EDF's FOIA request.

17.   Defendant NOAA is an establishment in the executive branch under the Department of Commerce and is therefore an "agency" subject to FOIA pursuant to 5 U.S.C. § 552(f)(1) (2018).  NOAA has possession and control of the requested records and is responsible for fulfilling EDF's FOIA request.

18.   Defendant NASA is an establishment of the executive branch (specifically, an independent executive agency) and is therefore an "agency" subject to FOIA pursuant to 5 U.S.C.

4

§ 552(f)(1) (2018).  NASA has possession and control of unredacted versions of the requested records and is responsible for fulfilling EDF's FOIA request and responding to EDF's administrative appeal.

## LEGAL BACKGROUND

19.     FOIA requires a federal agency to make public records "promptly available"— subject to enumerated exemptions—to any person who makes a request that reasonably describes the records sought and complies with the agency's rules for making such a request.  5 U.S.C. § 552(a)(3)(A) (2018).  FOIA requires the agency to issue a determination on the FOIA request within 20 working days from the date of receipt.  *Id*. § 552(a)(6)(A)(i) (2018); *see also* 43 C.F.R. § 2.16(a) (2019) (DOI); 15 C.F.R. § 4.6(b) (2019) (Department of Commerce, including NOAA); 14 C.F.R. § 1206.401(c) (2019) (NASA).

20.     The agency's determination on a FOIA request shall contain (1) the agency's determination of whether to comply with the request and provide responsive records, (2) the reasons for the agency's determination, and (3) notice of the right of the requester to appeal an adverse determination to the head of the agency.  5 U.S.C. § 552(a)(6)(A)(i) (2018).  Mere notice of the agency's receipt of the request does not suffice for a "determination"; instead, "the agency must at least inform the requester of the scope of the documents that the agency will produce, as well as the scope of the documents that the agency plans to withhold under any FOIA exemptions." *Citizens for Responsibility & Ethics in Wash. v. Fed. Election Comm'n*, 711 F.3d 180, 186 (D.C. Cir. 2013).

21.     A FOIA requester may seek "expedited processing" of a request for records and a determination on a request for expedited processing must be made, and notice of that determination

must be provided to the requester, within 10 days of the date of the request.  5 U.S.C. § 552(a)(6)(E) (2018).

22.     FOIA allows the agency to extend the 20-working-day deadline by up to ten working days for "unusual circumstances" by providing written notice to the requester that describes the "unusual circumstances" and the date on which the determination will be issued. 5 U.S.C. § 552(a)(6)(B)(i) (2018).

23.     If the agency provides a requester with an adverse initial determination, FOIA specifies that a requester may file an administrative appeal and requires the agency to act on such an appeal within 20 working days from receipt.  5 U.S.C. § 552(a)(6)(A)(ii) (2018).

24.     If the agency fails to comply with the applicable time limits of FOIA, including the time limits on an administrative appeal, a requester is deemed to have exhausted its administrative remedies and may file suit against the agency.  5 U.S.C. § 552(a)(6)(C)(i) (2018).

25.     Under FOIA, an agency shall waive or reduce fees and costs incurred in responding to a FOIA request "if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester."  5 U.S.C. § 552(a)(4)(A)(iii) (2018).

26.     This Court interprets FOIA's fee waiver provision to require that an agency's determination on a request for a fee waiver be made within the 20-working-day period.  *Pub. Citizen, Inc. v. Dep't of Educ.*, 292 F. Supp. 2d 1, 4 (D.D.C. 2003) ("[I]f the agency fails to respond to a waiver request within 20 days, the requester is deemed to have constructively exhausted administrative remedies and may seek judicial review.").

27.     The agency bears the burden to prove the legality of its actions under FOIA. 5 U.S.C. § 552(a)(4)(B) (2018).

28.     FOIA grants jurisdiction to the court "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." *Id.*

29.     Under FOIA, this Court may assess attorney fees and costs against the United States if EDF prevails in this action. *Id.* § 552(a)(4)(E) (2018).

## FACTUAL BACKGROUND[1]

### A.     The White House Climate Science Review Panel

30.     On February 20, 2019, The Washington Post reported that the White House was planning to assemble a panel to reconsider whether climate change threatens national security, as several rigorous, peer-reviewed government assessments have previously concluded it does.[2] Specifically, the panel would target several recent federal climate change studies, including the Fourth National Climate Assessment produced by the U.S. Global Change Research Program and the 2019 Worldwide Threat Assessment coordinated by the Office of the Director of National Intelligence.[3]  It was not possible to discern from The Washington Post's article whether the panel would follow sound scientific procedures or who the participants might be.

---

[1] EDF's factual background section sets forth in good faith facts based on diligent research of publicly available information.  EDF reserves the right to add or modify facts set forth herein as additional information is disclosed upon Defendants' compliance with FOIA and production of records requested by EDF.

[2] *See* Juliet Eilperin & Missy Ryan, *White House Prepares to Scrutinize Intelligence Agencies' Finding That Climate Change Threatens National Security*, THE WASHINGTON POST (Feb. 20, 2019) [hereinafter *Scrutinize Intelligence*], https://www.washingtonpost.com/national/health-science/white-house-readies-panel-to-assess-if-climate-change-poses-a-national-security-threat/2019/02/19/ccc8b29e-3396-11e9-af5b-b51b7ff322e9_story.html.

[3] *See* NATIONAL SECURITY COUNCIL, 000418, DISCUSSION PAPER FOR DEPUTIES COMMITTEE MEETING ON THE PRESIDENTIAL COMMITTEE ON CLIMATE SECURITY EXECUTIVE ORDER, Tab A (Feb. 14, 2019) [hereinafter NATIONAL SECURITY COUNCIL DISCUSSION PAPER], https://www.slideshare.net/Revkin/the-plan-for-a-trump-committee-on-climate-and-security (falsely asserting that these reports have not been peer reviewed).

31.     The Fourth National Climate Assessment is a congressionally-mandated report that seeks to illuminate the risks to human welfare and the environment posed by climate change.[4]  The report was produced by a team of more than 300 experts from various levels of government, tribes, national laboratories, universities, and the private sector, and underwent an external peer review conducted by an ad hoc committee of the National Academies of Sciences, Engineering, and Medicine.[5]  Among other findings, the Fourth National Climate Assessment concluded that climate change poses a significant threat to our national economy, food supply, ecosystems, coastlines, and infrastructure.[6]  Importantly, the report also found that climate change threatens national security "through direct impacts on U.S. military infrastructure and by affecting factors, including food and water availability, that can exacerbate conflict outside U.S. borders."[7]

32.     The 2019 Worldwide Threat Assessment represents a collective effort by the U.S. Intelligence Community to identify threats to U.S. national security.[8]  The assessment found that "[c]limate hazards . . . are intensifying, threatening infrastructure, health, and water and food security," with possible impacts including "social unrest," "interstate tension," and "human displacement and loss of life."[9]

33.     According to The Washington Post's February 20 article, the White House effort to challenge these findings was being spearheaded by Dr. William Happer, a senior director in the

---

[4] U.S. GLOBAL CHANGE RESEARCH PROGRAM, *Fourth National Climate Assessment, Volume II: Impacts, Risks, and Adaptation in the United States*, at 1 (2018) [hereinafter *Fourth National Climate Assessment, Volume II*], https://nca2018.globalchange.gov/downloads/NCA4_2018_FullReport.pdf.

[5] *Id.* at 2.

[6] *See id.* at 25-32.

[7] *Id.* at 612-13 (noting that "[c]limate change is already affecting U.S. Department of Defense (DoD) assets by, among other impacts, damaging roads, runways, and waterfront infrastructure").

[8] Daniel R. Coats, *Worldwide Threat Assessment of the US Intelligence Community*, SENATE SELECT COMM. ON INTELLIGENCE (Jan. 29, 2019), https://www.dni.gov/files/ODNI/documents/2019-ATA-SFR---SSCI.pdf.

[9] *Id.* at 23.

National Security Council (NSC).[10]  Dr. Happer, appointed to the NSC by President Trump,[11] is a frequent and noted denier of mainstream climate science and climate change impacts,[12] and co-founded the $CO_2$ Coalition, an organization dedicated to promoting increased atmospheric levels of carbon dioxide.[13]  Dr. Happer is not a climate scientist,[14] and his views have been thoroughly refuted by trained climate scientists.[15]

34.     There is little assurance that the White House's climate science review would follow established scientific best practices or be conducted with rigor and public accountability. Indeed, a February 24, 2019, follow-up article by The Washington Post reported that the panel would take the form of an ad hoc working group not subject to the public disclosure and representative membership requirements of a federal advisory committee.[16] And in preliminary

---

[10] *See Scrutinize Intelligence*, *supra* note 2.

[11] *See* E.A. Crunden, *Researchers Probe the Link Between Climate Change and Global Conflict*, THINKPROGRESS (June 14, 2019), https://thinkprogress.org/reports-climate-change-armed-conflict-global-peace-pentagon-cost/.

[12] *See, e.g.*, Niina H. Farah, *Trump Wanted to Know How U.S. Stacks Up to Russia on Science*, E&E NEWS (Jan. 25, 2018), https://www.eenews.net/stories/1060071869/ ("The public in general doesn't realize that from the point of view of geological history, we are in a CO2 famine."); *see also* Devan Cole, *Washington Post: Climate Skeptic May Lead WH Panel to Study Climate Change and National Security*, CNN (Feb. 21, 2019), https://www.cnn.com/2019/02/20/politics/white-house-climate-panel-william-happer/index.html.

[13] *See* Scott Waldman, *Trump Adviser Created Group to Defend CO₂*, E&E News (Feb. 28, 2019) [hereinafter *Defend CO₂*], https://www.eenews.net/climatewire/2019/02/28/stories/1060122629.

[14] *See* STATEMENT OF DR. WILLIAM HAPPER BEFORE THE U.S. SENATE ENVIRONMENT & PUBLIC WORKS COMMITTEE, 2 (Feb. 25, 2009), http://scienceandpublicpolicy.org/images/stories/papers/reprint/happer_testimony.pdf ("I am not a climatologist.").

[15] *See* Michael C. MacCracken, Ph.D., *The Real Truth About Greenhouse Gases and Climate Change* (Sept. 2011), http://www.climatesciencewatch.org/wp-content/uploads/2011/09/The-Real-Truth-About-Greenhouse-Gases-and-Climate-Change_1.pdf (describing a publication by Dr. Happer summarizing his views on climate change and climate science as "so misleading that, in [MacCracken's] view, it merits a paragraph-by-paragraph response"); *see also* Dr. Bill Chameides, *Non-Climate Scientist 'Climate Scientist' Sets the Record Straight*, HUFFPOST (Dec. 6, 2017), https://www.huffpost.com/entry/non-climate-scientist-cli_b_173422.

[16] *See* Juliet Eilperin, Josh Dawsey & Brady Dennis, *White House to Set Up Panel to Counter Climate Change Consensus, Officials Say*, THE WASHINGTON POST (Feb. 24, 2019), https://www.washingtonpost.com/national/health-science/white-house-to-select-federal-scientists-to-reassess-government-climate-findings-sources-say/2019/02/24/49cd0a84-37dd-11e9-af5b-b51b7ff322e9_story.html.

discussions regarding the NSC review effort, Dr. Happer reportedly lobbied for researchers associated with his $CO_2$ Coalition to take a lead role.[17]

35.     Regardless of whether the White House climate review is ultimately carried out as described above,[18] DOI, NOAA, and NASA records related to this effort are of the utmost importance to EDF and the broader public.  First, there is a compelling interest in government transparency when a small group of political officials maneuver to undermine the rigorous, repeated scientific findings of federal agencies.  Second, it is eminently possible that reports of postponement are incorrect, and that this effort is either ongoing or will be renewed in some form. The records currently being sought could shed light on such future activities.  Indeed, less than two years ago, Dr. Happer was involved in a similar effort to undermine climate science being planned by the Environmental Protection Agency.[19]

## B.     EDF's FOIA Requests to Federal Agencies

### i.     FOIA Request to DOI

36.     DOI is an executive department responsible for managing the nation's public lands and natural resources.[20]  DOI has regulatory authority over activities that contribute to climate

---

[17] *See Defend CO₂*, *supra* note 13.

[18] *See* Scott Waldman, *White House Won't Review Climate Science Before Election*, E&E NEWS (July 9, 2019), https://www.eenews.net/stories/1060713373 (reporting that the White House climate review has been postponed).

[19] *See* Lisa Friedman & Julie H. Davis, *The E.P.A. Chief Wanted a Climate Science Debate. Trump's Chief of Staff Stopped Him.*, THE NEW YORK TIMES (Mar. 9, 2018), https://www.nytimes.com/2018/03/09/climate/pruitt-red-team-climate-debate-kelly.html (describing former EPA Administrator Scott Pruitt's halted 2018 effort to challenge climate science). Emails obtained last year through FOIA showed that Dr. Happer was intimately involved with this predecessor effort. *See* Dino Grandoni, *Emails Show EPA Turned to Climate Skeptics to Craft 'Red Team-Blue Team' Exercise*, THE WASHINGTON POST (May 9, 2018), https://www.washingtonpost.com/news/energy-environment/wp/2018/05/09/emails-show-epa-turned-to-climate-skeptics-to-craft-red-team-blue-team-exercise/.

[20] *See* U.S. DEP'T OF THE INTERIOR, *About*, https://www.doi.gov/whoweare (last visited Oct. 22, 2019).

change,[21] and DOI representatives had significant roles in developing the Fourth National Climate Assessment.[22]

37.     DOI's then-Director of the Office of the Executive Secretariat was among those invited to participate in the February 22, 2019, NSC meeting convened to solicit input on the proposed climate review panel.[23]

38.     The public has a significant interest in records related to DOI's involvement in a White House-directed review of climate science.  Such records would elucidate the approach that DOI—an agency with major authority and influence over federal climate policy—is taking to address climate change, which is one of the most urgent and dire threats to public health, national security, and the environment.

39.     On March 25, 2019, EDF submitted a FOIA request to DOI seeking records relating to any actual or potential White House effort to review or evaluate climate science.[24]  EDF requested a fee waiver and expedited processing of the request.[25]  The request was limited to records from November 1, 2018, through the date when DOI conducted its records search.[26]

40.     On April 2, 2019, DOI FOIA Officer Clarice Julka spoke with EDF Attorney Benjamin Levitan and EDF Legal Fellow Lance Bowman about whether EDF could delineate the

---

[21] *See* Pamela King, *BLM to Lock in Methane Rule Revision*, E&E NEWS (Sept. 18, 2018), https://www.eenews.net/stories/1060098233 (reporting on the Bureau of Land Management's rule to roll back the requirement for oil and gas companies to reduce venting and flaring of methane, a highly potent greenhouse gas).

[22] *See Fourth National Climate Assessment, Volume II*, *supra* note 4, at iii (indicating DOI representation on the Assessment's Federal Steering Committee and Subcommittee on Global Change Research); *id.* at 268, 572 (indicating DOI representatives' co-authorship of chapters of the Assessment).

[23] *See* NATIONAL SECURITY COUNCIL DISCUSSION PAPER, *supra* note 3, at 1.

[24] *See* Letter from Benjamin Levitan, Attorney, EDF, and Lance Bowman, Legal Fellow, EDF, to National Freedom of Information Officer, DOI (Mar. 25, 2019) (covering Freedom of Information Act request for records pertaining to an actual or possible review or assessment of climate change, including climate science) (Exhibit A).

[25] *Id.* at 3, 7.

[26] *Id.* at 3.

scope of its FOIA request in a way that would facilitate a grant of expedited processing. Given EDF's interest in promptly obtaining these records, later that day Mr. Levitan submitted a written clarification in accordance with Ms. Julka's guidance for the express purpose of facilitating expedited processing.

41.    On April 3, 2019, DOI granted expedited processing for EDF's request.[27]  The letter also provided a tracking number for the FOIA request: OS-2019-00624.  In the same letter, DOI indicated that it would "promptly" provide more information about EDF's request for a fee waiver, but it never did so.[28]

42.    On April 11, 2019, Mr. Bowman of EDF emailed DOI and requested an update on the status of EDF's request.  DOI FOIA analyst Cindy Sweeney responded that DOI's FOIA office was waiting to receive all potentially responsive records from the relevant program offices. Ms. Sweeney also stated that she could not provide a timeline for completing DOI's FOIA determination at that time.

43.    DOI's 20-working-day statutory deadline for providing a determination on EDF's FOIA request lapsed on April 22, 2019.

44.    On April 25, 2019, Mr. Bowman called Emily Karp in DOI's FOIA office seeking an update on the status of EDF's request.  Ms. Karp indicated that DOI had located some potentially responsive records but noted that some program offices had yet to finish searching for responsive records.  Ms. Karp stated that until all program offices had finished searching for responsive records, her office would not begin to review or process any of the potentially responsive records that had been identified and gathered.

---

[27] *See* Letter from Clarice Julka, FOIA Officer, Office of the Secretary, DOI, to Benjamin Levitan and Lance Bowman, EDF (Apr. 3, 2019).

[28] *See id.* at 3.

45.     On April 26, 2019, Mr. Bowman emailed Ms. Karp to memorialize their conversation from the previous day.  Ms. Karp subsequently emailed Mr. Bowman to "correct" something she said in their conversation, clarifying that, to her knowledge, none of DOI's program offices had located responsive records as of that time.

46.     On May 10, 2019, Mr. Bowman of EDF emailed DOI seeking an update on the status of the respective searches for responsive records by DOI's program offices.

47.     On May 13, 2019, Ms. Sweeney of DOI emailed Mr. Bowman and stated that she had yet to receive potentially responsive records from the relevant program offices. Ms. Sweeney again indicated that her office would not begin processing any records until all program offices had responded, and stated that she could not provide a timeline for completion of DOI's FOIA determination.

48.     On May 29, 2019, Mr. Bowman emailed Ms. Sweeney of DOI seeking an update on the status of EDF's request. Mr. Bowman specifically inquired about the number of program offices that had already completed their search for potentially responsive records, and the number that had yet to do so.

49.     On May 30, 2019, Ms. Sweeney of DOI emailed Mr. Bowman and stated that she had received records from one program office and was waiting for a response from two other program offices.

50.     On July 11, 2019, Mr. Bowman emailed Ms. Sweeney, again seeking an update on the status of EDF's request.

51.     On July 12, 2019, Ms. Sweeney emailed Mr. Bowman and stated that she was waiting for one program office to inform her whether they have responsive records.

52.     EDF has not received any subsequent updates as to the status of its request.

13

53.     Approximately seven months have passed since EDF submitted this FOIA request and DOI granted expedited processing.  Moreover, DOI's FOIA office has been in possession of potentially responsive records for at least five months. Yet based on the information DOI has provided to EDF, the agency has still not begun to review potentially responsive records, much less issued the statutorily required determination on whether to release them—a determination that would have been due approximately six months ago even in the absence of expedited processing.

### ii.     EDF's FOIA Request to NOAA

54.     NOAA is an executive agency housed within the U.S. Department of Commerce, whose Acting Director of the Office of the Executive Secretariat, Richard A. Dubik, was invited to participate in the February 22, 2019, NSC meeting convened to solicit input on the proposed climate review panel.[29]   NOAA seeks to advance scientific understanding of "the causes and consequences of climate change,"[30] and is regularly involved in the preparation of climate studies conducted by the U.S. government, including the Fourth National Climate Assessment.[31]   Any records related to NOAA's involvement in the NSC climate review panel, or its refusal to participate, could therefore shed light on the degree of rigor and integrity with which the federal government is currently pursuing climate science.

55.     On March 25, 2019, EDF submitted a FOIA request to NOAA seeking records relating to any actual or potential White House effort to review or evaluate climate science.[32]   EDF

---

[29] *See* NATIONAL SECURITY COUNCIL DISCUSSION PAPER, *supra* note 3, at 1.

[30] NATIONAL OCEANIC AND ATMOSPHERIC ADMINISTRATION, *Our Mission and Vision*, https://www.noaa.gov/our-mission-and-vision (last visited Oct. 22, 2019).

[31] *See, e.g.*, *Fourth National Climate Assessment, Volume II*, *supra* note 4, at 2 (noting that NOAA served as the administrative lead agency for preparation of the report).

[32] *See* Letter from Benjamin Levitan, Attorney, EDF, and Lance Bowman, Legal Fellow, EDF, to National Freedom of Information Officer, NOAA (Mar. 25, 2019) (covering Freedom of Information Act request for records pertaining to an actual or possible review or assessment of climate change, including climate science) (Exhibit B).

requested a fee waiver and expedited processing of the request.[33]  The request was limited to records from November 1, 2018, through the date when NOAA conducted its records search. [34]

56.     On March 26, 2019, NOAA granted EDF's fee waiver and expedited processing requests, and assigned the tracking number DOC-NOAA-2019-000977 to EDF's FOIA request.[35]

57.     EDF did not receive any further correspondence related to the FOIA request until, on April 11, 2019, Mr. Bowman of EDF emailed Brittany Pugh in NOAA's FOIA Office seeking an update.  Ms. Pugh replied that a FOIA coordinator had been directed to "front load this request" in light of the expedited processing determination.  Ms. Pugh also stated that she could not at that time provide any timeline for expected completion of the request.

58.     NOAA's 20-working-day statutory deadline for providing a determination on EDF's request lapsed on April 22, 2019.

59.     On April 25, 2019, Mr. Bowman telephoned Ms. Pugh seeking an update on EDF's request.  Ms. Pugh was again unable to provide any substantive updates on the request. Ms. Pugh indicated that she was not personally processing EDF's request and was unsure who was.  Ms. Pugh stated that she would find out who at NOAA was currently handling EDF's request and then connect Mr. Bowman to that person via email the following morning.

60.     On April 30, 2019, Ms. Pugh emailed Mr. Bowman and provided the contact information for Jim Leduc, whom Ms. Pugh described as the FOIA manager for EDF's request.

---

[33] *Id.* at 3, 7.

[34] *Id.* at 3.

[35] *See* Email from admin@foiaonline.gov to Benjamin Levitan, EDF (Mar. 26, 2019) (discussing the FOIA expedited processing disposition that was reached for DOC-NOAA-2019-000977); Email from admin@foiaonline.gov to Benjamin Levitan, EDF (Mar. 26, 2019) (discussing the FOIA fee waiver disposition that was reached for DOC-NOAA-2019-000977).

Ms. Pugh noted that she had informed Mr. Leduc that Mr. Bowman would soon contact Mr. Leduc, and stated that Mr. Leduc should know the expected completion date for the request.

61.     On May 6, 2019, Mr. Bowman emailed Mr. Leduc seeking a status update on EDF's FOIA request.  Specifically, Mr. Bowman asked Mr. Leduc to provide an update on the progress of NOAA's records search and an estimated timeline for NOAA's determination on EDF's FOIA request.

62.     On May 7, 2019, Ms. Pugh emailed Mr. Bowman and stated that Mr. Leduc emailed her to request assistance in expediting the request and calculating the estimated timeline for completion.  Ms. Pugh said that she would "help Jim move this request along," and stated that Mr. Bowman could "expect to hear from [her] by Thursday, May 9th, if not sooner."  Ms. Pugh did not contact EDF.

63.     On May 30, 2019, having yet to receive any information regarding the status of NOAA's search or the timeline for completion, Mr. Bowman emailed Ms. Pugh requesting an update on EDF's request.

64.     On June 4, 2019, Ms. Pugh responded to Mr. Bowman and stated that James Bruschi would now be assisting Mr. Leduc with processing the request. Ms. Pugh asked Mr. Bruschi, who was included on the email, to "reply all with an update to the status" of EDF's request.  Mr. Bruschi did not respond to that email, and has not otherwise provided EDF with an update on the FOIA request.

65.     On July 11, 2019, having received no updates or other correspondence from either Mr. Leduc or Mr. Bruschi, Mr. Bowman emailed Ms. Pugh, Mr. Leduc, and Mr. Bruschi requesting a status update on the request.  Mr. Bowman did not receive a response to that email.

66.     More than seven months have passed since EDF submitted this FOIA request and NOAA granted expedited processing.  Even without expedited processing, the standard statutory deadline to determine whether to release the requested records passed more than six months ago. Yet NOAA has not only failed to provide the statutorily mandated determination, it has also failed to provide EDF with a single substantive update on the status of its FOIA request, despite EDF's diligent outreach to three different NOAA representatives.

### iii.    EDF's FOIA Request to NASA

67.     NASA is an independent executive agency whose Administrator, James F. Bridenstine, was invited to participate in the February 22, 2019, NSC meeting convened to solicit input on the proposed climate review panel.[36]  In addition to the climate science research under NASA's purview, the agency is a vital source of public information about climate change.[37] NASA representatives had significant roles in developing the Fourth National Climate Assessment, which specifically lists NASA's website as a "readily accessible federal climate indicator resource[] . . . available for public use."[38]

68.     On March 25, 2019, EDF submitted a FOIA request to NASA seeking records relating to any actual or potential White House effort to review or evaluate climate science.[39]

---

[36] *See* NATIONAL SECURITY COUNCIL DISCUSSION PAPER, *supra* note 3, at 2.

[37] *See* NASA, *Global Climate Change*, https://climate.nasa.gov/ (last visited Oct. 22, 2019).

[38] *See Fourth National Climate Assessment*, *Volume II*, *supra* note 4, at iii (indicating NASA representation on the Assessment's Federal Steering Committee and Subcommittee on Global Change Research); *id.* at 438 (indicating NASA's co-authorship of a chapter of the Assessment); *id.* at 1420 (referencing NASA's website).

[39] *See* Letter from Benjamin Levitan, Attorney, EDF, and Lance Bowman, Legal Fellow, EDF, to National Freedom of Information Officer, NASA (Mar. 25, 2019) (covering Freedom of Information Act request for records pertaining to an actual or possible review or assessment of climate change, including climate science) (Exhibit C).

NASA issued an interim response on May 8, 2019, and a final response on May 31, 2019.[40]  The

final response indicated that EDF could appeal NASA's response within 90 days.[41]

69.     On July 3, 2019, EDF administratively appealed two record withholdings that

NASA applied to its final production.[42]  EDF followed up the appeal, which was submitted via

email, with a hard copy, which was delivered to NASA on July 5, 2019.[43]

70.     Both of the record withholdings that EDF appealed pertain to documents that

NASA asserts "do not constitute 'agency records'" because they "originat[ed] from the National

Security Council (NSC), a component of the White House that is not subject to the FOIA."[44]

EDF's appeal argued that the records would be exempt only if the NSC placed specific restrictions

on NASA's use or retention of the records prior to the initiation of the FOIA matter.  Only then

might the documents not constitute "agency records" under NASA's control for purposes of

FOIA.[45]  But NASA's determination relied entirely on the materials' origin, which is insufficient

to support the claim that the documents are not "agency records" subject to FOIA.

71.     The materials at issue strongly implicate the public interest and directly involve the

climate content on NASA's website referenced above.  While EDF has no information about one

of the documents, which NASA withheld in its entirety, the other document is an email dated

February 26, 2019, to NASA's Deputy Administrator, James Morhard, from Dr. William Happer,

---

[40] *See* Letter from Stephanie K. Fox, Team Lead/Chief FOIA Public Liaison, NASA, to Benjamin Levitan and Lance Bowman, EDF (May 8, 2019); Letter from Stephanie K. Fox, Team Lead/Chief FOIA Public Liaison, NASA, to Benjamin Levitan and Lance Bowman, EDF (May 31, 2019) (Exhibit D).

[41] *See* Letter from Stephanie K. Fox to Benjamin Levitan and Lance Bowman, *supra* note 40.

[42] *See* Letter from Benjamin Levitan, Attorney, EDF, to the Administrator, NASA (July 3, 2019) (detailing EDF's appeal action under the Freedom of Information Act) (Exhibit E).

[43] *See* USPS TRACKING, tracking number 9505511407169184296753, https://tools.usps.com/go/TrackConfirmAction_input.

[44] *See* Letter from Stephanie K. Fox to Benjamin Levitan and Lance Bowman, *supra* note 40, at 1.

[45] *See* Letter from Benjamin Levitan to the Administrator, *supra* note 42, at 2-5.

who at the time of the email served on the NSC.  In the email, Dr. Happer forwarded criticism of the climate content on NASA's website from a source whose identity was redacted.  The criticism claims that the climate content is "biased, emotive and without any evidence" and expresses "concern[] that many children are being indoctrinated by this bad science," with particular concern for the effects on schoolchildren in Australia.[46]  The writer asked Dr. Happer to provide "email addresses for personnel at NASA who might do something about this misinformation."[47]  But Dr. Happer went even further, directly forwarding the message to a top NASA official under his signature block identifying him as "Deputy Assistant to the President."

72.     The mere fact that Dr. Happer forwarded this email to Mr. Morhard generated headlines when the record was released.[48]  However, Dr. Happer's cover note to Mr. Morhard— which appears to be several paragraphs long—was redacted in its entirety on the basis that it was not an agency record.  The public is therefore in the dark about any direction or guidance that Dr. Happer provided while doing the bidding of an undisclosed, possibly nongovernmental actor.

73.     Despite EDF's extensive efforts to obtain a determination on its administrative appeal, NASA never responded to EDF's appeal.  EDF attorney Benjamin Levitan called the main NASA FOIA number on July 12, 2019, seeking information on the processing of the appeal. He spoke with Josephine Sibley at NASA, who informed Mr. Levitan that FOIA appeals were handled by NASA's Office of General Counsel and directed Mr. Levitan to Linda Perozo in that office. Mr. Levitan then called Ms. Perozo and left a voicemail, which was not returned.

---

[46] *See* Letter from Stephanie K. Fox to Benjamin Levitan and Lance Bowman, *supra* note 40, at 9.

[47] *Id*.

[48] *See, e.g.*, Ellen Knickmeyer & Seth Borenstein, *Emails: Trump Official Pressed NASA on Climate Science*, ASSOC. PRESS (June 14, 2019), https://apnews.com/4ec9affd55a345d582a4cc810686137e.

74.     On July 17, 2019, Mr. Levitan called Ms. Perozo and left another voicemail, which was not returned.

75.     On July 19, 2019, Mr. Levitan sent Ms. Perozo an email, which was not returned.

76.     On August 15, 2019, Mr. Levitan called NASA's Principal Agency FOIA Officer Nikki Gramian, who confirmed that Ms. Perozo was the appropriate contact for information on the appeal.  Ms. Gramian informed Mr. Levitan that she would reach out to Ms. Perozo and then provide an update to Mr. Levitan, but no update followed.

77.     On September 9, 2019, Mr. Levitan called Ms. Perozo and left a voicemail and followed up with an email, neither of which was returned.  As of the filing of this complaint, NASA has provided no information about the appeal to EDF.

78.     FOIA provides a deadline of 20 working days for an agency to issue a determination on an administrative appeal.  NASA received EDF's appeal electronically on July 3, 2019, and in hard copy on July 5, 2019, resulting in a response deadline of August 2, 2019, at the latest. NASA has vastly exceeded its deadline, letting almost four months lapse for an appeal that addresses precisely two withholdings.   EDF has exhausted its administrative remedies, rendering this matter ripe for litigation.

## CLAIM FOR RELIEF

## COUNT I:  VIOLATION OF THE FREEDOM OF INFORMATION ACT
### Department of the Interior

79.     EDF incorporates by reference all preceding paragraphs.

80.     Under FOIA, EDF has a statutory right to have DOI process EDF's FOIA request in a timely manner and to obtain and produce all non-exempt records responsive to the FOIA request.

81.     DOI failed to comply with the statutory deadline for issuing a determination on EDF's FOIA request.  *See* 5 U.S.C. § 552(a)(6)(A)(i) (2018).

82.     DOI failed to make a determination on the FOIA request from which EDF could exercise its statutory right of appeal.  *Id.*

83.     DOI failed to make a determination on EDF's request for a fee waiver.  *See id.*

84.     Unless enjoined by this Court, DOI will continue to violate EDF's legal rights to be timely and properly provided with requested records under FOIA.

85.     Enjoining DOI would not injure other parties, and the public interest would be served by an injunction requiring DOI's compliance with FOIA.

## COUNT II:  VIOLATION OF THE FREEDOM OF INFORMATION ACT

### National Oceanic and Atmospheric Administration

86.     EDF incorporates by reference all preceding paragraphs.

87.     Under FOIA, EDF has a statutory right to have NOAA process EDF's FOIA request in a timely manner and to obtain and produce all non-exempt records responsive to the FOIA request.

88.     NOAA failed to comply with the statutory deadline for issuing a determination on EDF's FOIA request.  *See* 5 U.S.C. § 552(a)(6)(A)(i) (2018).

89.     NOAA failed to make a determination on the FOIA request from which EDF could exercise its statutory right of appeal. *Id.*

90.     Unless enjoined by this Court, NOAA will continue to violate EDF's legal rights to be timely and properly provided with requested records under FOIA.

91.     Enjoining NOAA would not injure other parties, and the public interest would be served by an injunction requiring NOAA's compliance with FOIA.

## COUNT III:  VIOLATION OF THE FREEDOM OF INFORMATION ACT

### National Aeronautics and Space Administration

92.     EDF incorporates by reference all preceding paragraphs.

93.     NASA failed to comply with the statutory deadline for issuing a decision on EDF's administrative appeal of NASA's initial determination on EDF's FOIA request.  *See id*. § 552(a)(6)(A)(ii) (2018).

94.     NASA failed to provide all non-exempt agency records responsive to EDF's FOIA request, which are required to be timely produced under FOIA.  *See id*. § 552(a)(6)(A)(i) (2018).

95.     Unless enjoined by this Court, NASA will continue to violate EDF's legal rights to timely receive a complete set of responsive documents sought through its FOIA requests.

96.     It is in the public interest for the Court to issue an injunction requiring NASA's immediate compliance with FOIA.

### REQUEST FOR RELIEF

EDF requests the following relief from the Court:

A.  Declare unlawful Defendants' failure to provide EDF with timely and complete determinations on its FOIA requests, administrative appeal, and fee waiver request, as applicable, within FOIA's deadlines.

B.  Declare unlawful Defendants' failure to make the requested records promptly available to EDF.

C.  Declare unlawful NASA's withholding of certain records responsive to EDF's FOIA request.

D.  Order Defendants to provide EDF with all responsive records immediately, at no charge to EDF, and in unredacted form unless an exemption is applicable and properly asserted.

E.  Order Defendants to provide a *Vaughn* index of any responsive records or portions of

records withheld under the claim of a FOIA exemption.

F.  Award EDF its costs and reasonable attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E)

(2018), 28 U.S.C. § 2412 (2012), and any other applicable law.

G.  Grant any further relief as the Court deems just and proper.

Respectfully submitted on October 31, 2019.

/s/ Nathaniel H. Hunt
NATHANIEL H. HUNT*
NICHOLAS M. CLABBERS*
Kaplan Kirsch & Rockwell LLP
1675 Broadway, Suite 2300
Denver, CO 80202
Telephone:  (303) 825-7000
E-mail:   nhunt@kaplankirsch.com
              nclabbers@kaplankirsch.com

*Applying for pro hac vice*

/s/ Benjamin Levitan
BENJAMIN LEVITAN (No. NY0253)
Environmental Defense Fund
1875 Connecticut Avenue, NW, Suite 600
Washington, DC 20009
Telephone:  (202) 572-3318
E-mail:   blevitan@edf.org

Counsel for Environmental Defense Fund